IN THE DISTRICT COURT OF MCCLAIN
STATE OF OKLAHOMA

TINA DRIVERE, individually, and )
CHARLES RICHARDSON, individually, )
)
)
Plaintiffs, )
)
v. )   Case No. CJ-2018 - 148
)
JONATHAN J. KELLY, individually, and )
AIR CAPITOL DELIVERY & )
WAREHOUSE, LLC, a limited liability )
company, )
)
Defendants. )

FILED IN DISTRICT COURT
McClain County, Oklahoma

JUL 19 2018

Kristel Gray, Court Clerk

by _____, Deputy

## PETITION

**COMES NOW** Plaintiffs, Tina Drivere, individually, and Charles Richardson, individually, ("**Plaintiffs**"), by and through their attorneys of record, Nathan D. Rex and Barrett F. Fuller of Parrish DeVaughn, PLLC, and for their cause of action against Defendants, Jonathan J. Kelly, individually, and Air Capitol Delivery & Warehouse, LLC, a limited liability company, ("**Defendants**"), alleges and state as follows:

### VENUE AND JURISDICTION

1. Plaintiff Drivere is resident of Lexington, Cleveland County, Oklahoma.

2. Plaintiff Richardson is a resident of Purcell, McClain County, Oklahoma.

3. To the best of Plaintiffs' knowledge, Defendant Kelly is a resident of Splendora, Montgomery County, Texas.

4. Defendant Air Capitol Delivery & Warehouse, LLC, is a limited liability company with its principal place of business located at 5841 Prospect Ct., Park City, KS 67204, and can be served in care of Defendant's registered agent, Air Capitol Delivery & Warehouse, LLC, located at 5841 Prospect Ct., Wichita, KS 67204, or wherever they can be found.


DEFENDANT'S EXHIBIT 1

5. The instant accident occurred on September 13, 2016, in Purcell, Oklahoma.

6. Venue is proper in McClain County, State of Oklahoma, and the Court has jurisdiction over the parties.

## CAUSE OF ACTION FOR NEGLIGENCE

7. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation heretofore pleaded.

8. Plaintiff Drivere was stopped on the outside shoulder on southbound Interstate 35.

9. Plaintiff Richardson was standing outside the vehicle, by the front passenger door.

10. Defendant Kelly was traveling southbound on Interstate 35.

11. Defendant Kelly swerved to the right and struck Plaintiffs' vehicle.

12. The impact of the collision caused the vehicle to strike Plaintiff Richardson.

13. Defendant failed to give due attention to the roadway and surrounding areas, made improper use of his lane, and violated his duty to operate his motor vehicle in a safe and prudent manner.

14. At all times, Defendant Kelly was an agent of Air Capitol Delivery & Warehouse, LLC, and was acting within the scope of his agency at the time of the wreck.

15. At all times, Defendant Kelly was an employee of Defendant Air Capitol Delivery & Warehouse, LLC, and was acting within the scope of his employment at the time of the wreck.

16. At all times, Defendant Kelly was working in a joint venture with Defendant Air Capitol Delivery & Warehouse, LLC, at the time of the wreck.

17. At all times pertinent, Defendant Air Capitol Delivery & Warehouse, LLC, is vicariously liable for Defendant Kelly's negligence under respondent superior.

18. Defendant Air Capitol Delivery & Warehouse, LLC, is liable for negligent entrustment of their vehicle to Defendant Kelly, and for the negligence of Defendant Kelly, as he was acting within the course and scope of his employment.

19. At the time of the collision, Defendant Air Capitol Delivery & Warehouse, LLC, violated the duty to ensure that its agents, servants, and/or employees were properly trained as drivers, as well as supervise and monitor their agents, for the safety of Plaintiffs and others, both before and at the time of the collision.

20. The injuries and damages sustained by Plaintiffs, more particularly described below, were produced in a natural and continuous sequence from Defendants' recklessness and violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiffs.

21. The injuries and damages sustained by Plaintiffs was a probable consequence from Defendants' violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiffs.

22. Defendants should have foreseen and anticipated that a violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiffs.

23. If Defendants had not violated one or more of the above described independent duties to use ordinary care for the safety of Plaintiffs, then Plaintiffs' injuries and damages would not have occurred.

24. The injuries and damages sustained by Plaintiffs as a result of Defendants' violations of one or more of the above described safety rules, include but are not limited to the following:

a. Plaintiffs' physical pain and suffering, past and future;

b. Plaintiffs' mental pain and suffering, past and future;

c. Plaintiffs' age;

d. Plaintiffs' physical condition immediately before and after the accident;

e. The nature and extent of Plaintiffs' injuries;

f. Whether the injuries are permanent;

g. The physical impairment;

h. The disfigurement;

i. Loss of earnings/time;

j. Impairment of earning capacity;

k. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

25. Pursuant to the provisions of 12 O.S. § 3226(A)(2)(a), Plaintiffs submit this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiffs advise that all damages recoverable by law are sought, including those listed in OUJI-Civil § 4.1. Plaintiffs advise that under item (K), Plaintiff Drivere's medical bills to date are in the approximate amount of $219,891.99 and Plaintiff Richardson's medical bills to date are in the approximate amount of $247,816.41. At this point, Plaintiffs do not know the amount of future medical expense, if any. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiffs. Other than the amounts that Plaintiffs have specifically identified, and that are capable of being ascertained to some degree of certainty, Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award.

WHEREFORE, Plaintiffs demand judgment against Defendants in excess of $75,000.00, plus costs, interest, and any such other relief as the Court deems appropriate against Defendants in an amount to fully and fairly compensate Plaintiffs for each and every element of damages that Plaintiffs have suffered, including punitive damages, if appropriate.

Respectfully Submitted

Murry J. Parrish, OBA #15948
Forest L. Pepper DeVaughn, OBA #18693
Nathan D. Rex, OBA #31694
Barrett Fuller, OBA #32622
PARRISH DEVAUGHN, PLLC
7 Mickey Mantle, Second Floor
Oklahoma City, OK 73104
405-999-9000
405-232-0058 (f)
Nate@parrishdevaughn.com
Barrett@parrishdevaughn.com
*Attorneys for Plaintiffs*

**ATTORNEY'S LIEN CLAIMED**